*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

REYNALDO VILLARREAL,

Defendant-Appellant.

UNPUBLISHED
February 13, 2026
1:19 PM

No.  375374
Ottawa Circuit Court
LC No.  2024-047202-FH

Before:  SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Defendant, Reynaldo Villarreal, is charged with assaulting, resisting, or obstructing a police officer, MCL 750.81d(1).  After the preliminary examination, the district court bound defendant over to the circuit court for trial.  He moved to quash the bindover, and the circuit court denied the motion.  He now appeals that decision by leave granted.[1]  We affirm.

## I.  BACKGROUND

At the preliminary examination, Ottawa County Sheriff's Deputy Eric Zaragosa testified that he was dispatched regarding a reported retail fraud at a Walgreens store in the early morning hours of August 12, 2024.  He responded to a nearby gas station where other officers had located the suspect vehicle.  When he arrived, another officer had already removed the driver—the suspected shoplifter—from the car.  As Deputy Zaragosa approached, he saw defendant and a female passenger in the backseat of the car "frantically" covering their faces and forearms with clothing.  He also saw a lighter fall from defendant's person.

The deputy's partner informed him that syringes had been found on the driver and that the car was going to be impounded, so Deputy Zaragosa ordered defendant and the other passenger to exit the backseat.  After defendant unsuccessfully attempted to lock the car door, the deputy opened

---

[1] *People v Villarreal*, unpublished order of the Court of Appeals, entered August 13, 2025 (Docket No. 375374).

the door and again ordered defendant to exit. Defendant and the female passenger then began yelling at the deputy. Defendant exited the vehicle only after the deputy gave several additional commands and threatened to remove defendant if he did not comply.

Defendant continued to yell and behave erratically after exiting the vehicle. Because of his behavior, Deputy Zaragosa handcuffed defendant and placed him in the backseat of the deputy's police cruiser. The deputy suspected narcotic use and asked for defendant's name. Defendant initially refused to provide his name and then provided a false name and date of birth. At some point during the interaction, the deputy asked defendant to remove the t-shirt covering his face, and defendant refused, asserting that his Islamic faith required him to keep his face covered. The deputy eventually identified defendant, who was arrested for resisting or obstructing.

Following the deputy's preliminary-examination testimony, the district court identified three potential instances of resisting: defendant's failure to exit the vehicle upon request, his refusal to remove his face covering, and his providing a false name and date of birth when asked to identify himself. The court found that neither defendant's refusal to exit the vehicle nor his failure to remove his face covering constituted resisting or obstructing, and it declined to bind defendant over on those theories. Concerning the false identification, the district court found that, assuming the command to identify himself was lawful, the evidence was sufficient to bind defendant over for resisting or obstructing.

Defendant then moved the circuit to quash the information and bindover, arguing that the district court erred by assuming that the command to identify himself was lawful. The circuit court concluded that the district court erred by assuming the command was lawful but ultimately found that the assumption was correct: because there was reasonably articulable suspicion regarding defendant's involvement in drug activity, the deputy could temporarily detain defendant and could lawfully command defendant to identify himself. The circuit court thus denied the motion to quash. Defendant now appeals.

## II. STANDARD OF REVIEW

"In the context of reviewing a district court's bindover decision, the order on appeal is the circuit court's decision denying the motion to quash, which we review de novo (i.e., with no deference) because the dispositive question is whether the district court abused its discretion in binding over defendants." *People v Crumbley*, 346 Mich App 144, 166; 11 NW3d 576 (2023). A district court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or when it makes an error of law. *Id*. at 167. In reviewing a bindover decision, a reviewing court "must consider the entire record of the preliminary examination and may not substitute its judgment for that of the district court." *People v Henderson*, 282 Mich App 307, 312-313; 765 NW2d 619 (2009). We review de novo questions of law, such as the interpretation and application of a statute. *People v Moreno*, 491 Mich 38, 44; 814 NW2d 624 (2012).

## III. DISCUSSION

"In general terms, the purpose of a preliminary examination is to determine whether a crime was committed and whether there is probable cause to believe that the defendant committed it."

*Crumbley*, 346 Mich App at 167 (cleaned up). "More specifically, in order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony based on there being evidence of each element of the crime charged or evidence from which the elements may be inferred." *Id*. (cleaned up). "Probable cause requires enough evidence to cause a person of ordinary caution and prudence to conscientiously entertain a reasonable belief of the defendant's guilt." *Id*. (quotation marks and citation omitted). "Circumstantial evidence and reasonable inferences from the evidence can be sufficient." *Henderson*, 282 Mich App at 313. "If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact." *Id*. Further, "[i]t is not the function of the district court to discharge the accused when the evidence is conflicting or raises a reasonable doubt with regard to guilt. Such questions are for the trier of fact." *People v Selwa*, 214 Mich App 451, 469; 543 NW2d 321 (1995).

The elements of assaulting, resisting, or obstructing a police officer in violation of MCL 750.81d(1) are "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person . . . was a police officer performing his or her duties." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (citation omitted). And because the enactment of MCL 750.81d did not abrogate the common-law rule that a person may resist an unlawful arrest, the prosecution also "must establish that the officers acted lawfully as an element of the crime of resisting or obstructing a police officer under MCL 750.81d." *Id*. at 491-492.

The statute defines the term "obstruct" as including "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a). "[O]bstructing an officer through a 'knowing failure to comply with a lawful command' requires some physical refusal to comply with a command, as opposed to a mere verbal statement of disagreement." *People v Morris*, 314 Mich App 399, 409 n 6; 886 NW2d 910 (2016). "Additionally, the duration of the resistance or the mental state of defendant at the time is of no import, as resistance can occur in even the briefest of moments, and the statute does not require that defendant be found to be free of any mitigating motivation." *Id*. at 414-415.

In this case, the district court identified three potential instances of resisting or obstructing: defendant's failure to exit the vehicle upon request, his refusal to remove his face covering, and his failure to provide his true name and date of birth when asked to identify himself. It found that the first two instances did not constitute resisting or obstructing and declined to bind defendant over on those theories. But the court concluded that, assuming the command to identify himself was lawful, there was probable cause to bind defendant over for resisting or obstructing on that basis. We address each finding in turn.

## A. FAILURE TO REMOVE FACE COVERING

As an initial matter, the district court did not abuse its discretion when it declined to bind defendant over on the theory that he resisted or obstructed by failing to remove his face covering when asked.

According to the deputy's testimony, he asked defendant to remove his face covering after defendant was handcuffed and detained in the deputy's cruiser. The district court found that,

assuming defendant was handcuffed behind his back, he could not have complied with the request to remove his face covering. We see no error in that finding. The prosecution did not present evidence establishing whether defendant's hands were cuffed behind his back or in front of his person. If defendant's hands were cuffed behind his back, he could not have complied with the deputy's command to remove his face covering. If defendant's hands were cuffed in front of him such that he could have complied, the prosecution failed to present evidence to that effect. In either case, the district court did not abuse its discretion by declining to bind defendant over on that theory.

## B. FAILURE TO EXIT VEHICLE

Concerning defendant's failure to exit the vehicle upon command, the district court found that the command was lawful but that defendant's initial failure to comply did not rise to resisting or obstructing because he ultimately exited the vehicle voluntarily.

Regarding the seizure of a passenger, "the United States Supreme Court held that when a police officer makes a traffic stop, 'a passenger is seized as well' as the driver within the meaning of the Fourth Amendment." *People v Lyons*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 370840); slip op at 3, quoting *Brendlin v California*, 551 US 249, 251; 127 S Ct 2400; 168 L Ed 2d 132 (2007). The *Brendlin* Court "also noted that it is 'reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety.' " *Lyons*, ___ Mich App at ___; slip op at 3, quoting *Brendlin*, 551 US at 258. A police officer may therefore lawfully order passengers to exit a vehicle during a traffic stop. *Lyons*, ___ Mich App at ___; slip op at 3.

In this case, Deputy Zaragosa testified that the driver had already been removed from the vehicle and detained by other officers on suspicion of retail fraud when the deputy arrived. He was informed that the vehicle was going to be impounded, so he ordered defendant and the female passenger to exit the vehicle. Defendant unsuccessfully attempted to lock the car door and refused to exit the vehicle despite repeated commands. One to two minutes after the deputy first ordered defendant to exit, defendant complied.

The district court erred as a matter of law by concluding that this did not provide a basis for bindover because defendant ultimately voluntarily complied. The deputy's command to exit the vehicle was lawful under *Lyons*, and the prosecution presented evidence that defendant refused to comply for one to two minutes before acquiescing. It is immaterial that defendant eventually complied because "the duration of the resistance . . . is of no import, as resistance can occur in even the briefest of moments." *Morris*, 314 Mich App at 414-415. The prosecution therefore presented evidence at the preliminary examination sufficient to satisfy the elements of resisting or obstructing under the probable-cause standard with respect to defendant's failure to exit the vehicle upon command. The district court thus abused its discretion by declining to bind defendant over on that theory of resisting or obstructing. See *People v Plunkett*, 485 Mich 50, 61; 780 NW2d 280 (2010) ("A bindover is required when probable cause exists to support each of the elements of a crime.").

## C. PROVISION OF FALSE IDENTIFICATION

Concerning the theory of resisting or obstructing for which the district court did bind defendant over—his provision of false identifying information—defendant contends that he was not legally required to identify himself, and the district court thus abused its discretion by binding him over on that basis.

"Failing to provide identification upon request by a police officer is not itself a crime or statutory offense in Michigan." *People v Murawski*, 349 Mich App 296, 313; 27 NW3d 673 (2023). But an officer may lawfully command a subject to produce identification when the officer has "reasonably articulable suspicion that criminal activity [is] afoot." *Quinn*, 305 Mich App at 493; see also *Murawski*, 349 Mich App at 313 (holding that the defendant's arrest for resisting or obstructing based upon his failure to provide identification was not lawful when the officers lacked "proof that defendant had either engaged in a crime or was imminently going to commit a crime").

Whether an officer has reasonable suspicion of criminal activity "is determined case by case, on the basis of an analysis of the totality of the facts and circumstances" and "must be based on commonsense judgments and inferences about human behavior." *Quinn*, 305 Mich App at 492 (citation omitted). Reasonable suspicion requires "something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996). An officer "must have had a particularized and objective basis for the suspicion of criminal activity." *Id*. at 98-99. "Whether this standard is met in a particular case is fact-specific and requires an analysis of the totality of the circumstances known by the officer . . . ." *People v Prude*, 513 Mich 377, 387; 15 NW3d 249 (2024).

To begin, we agree with defendant that the district court erred by basing its probable-cause finding on an assumption that the deputy's command to defendant to identify himself was lawful. To warrant bindover, the prosecution was required to present some evidence of each element of resisting or obstructing, *Crumbley*, 346 Mich App at 167, and that includes the element "that the officer[] acted lawfully," *Quinn*, 305 Mich App at 492. A finding of probable cause must be based on the evidence and reasonable inferences arising from it; it cannot rest on a mere assumption. See, e.g., *People v Simon*, 339 Mich App 568, 585; 984 NW2d 800 (2021). A bindover decision therefore cannot rest on an assumption that an element has been satisfied and must instead be based on the evidence.

Nevertheless, the record supports the conclusion that the deputy's command was lawful. Based on the syringes found on the driver, the driver's connection to the shoplifting incident, defendant's frantic covering of his arms and face, the lighter found on defendant's person, and defendant's erratic behavior, Deputy Zaragosa had a particularized and objective basis to suspect that defendant was engaged in the possession or use of narcotics. The deputy therefore had reasonable suspicion that defendant was engaged in criminal activity and could lawfully command defendant to identify himself. See *Quinn*, 305 Mich App at 493; *Murawski*, 349 Mich App at 313.

The district court did not abuse its discretion in binding defendant over for trial on the basis of his failure to comply with that lawful command.[2]

## IV.  CONCLUSION

Because the prosecution presented evidence satisfying the elements of resisting or obstructing under the probable-cause standard with respect to defendant's failure to exit the vehicle and his failure to identify himself, we affirm the district court's bindover decision.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman

---

[2] We assume, without deciding, that defendant's failure to verbally provide identification and his provision of a false name and date of birth constitute obstruction, which requires "some physical refusal to comply with a command, as opposed to a mere verbal statement of disagreement." *Morris*, 314 Mich App at 409 n 6.